**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**ADRIANNA NOELLE BRADLEY,**

      **Petitioner,**

**v.**                                **Case No. 1:26cv044-MW/MAF**

**STATE OF FLORIDA,**

      **Respondent.**

_____/

**REPORT AND RECOMMENDATION
TO TRANSFER HABEAS CORPUS PETITION**

On February 12, 2026, Adrianna Noelle Bradley, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. She has not yet paid the filing fee or filed a motion to proceed in forma pauperis. *See id.* In the § 2254 petition, she indicates she challenges a judgment and sentence imposed in 2018 by the Tenth Judicial Circuit, Polk County, following a jury trial in case number 53-2015-007449-A000-XX. ECF No. 1 at 1-2.

Petitioner Bradley is currently incarcerated at the Lowell Correctional Institution Annex in Marion County, Florida, which is located in the Middle District of Florida. *See* 28 U.S.C. § 89(b). She challenges a state court judgment from the Tenth Judicial Circuit, Polk County, Florida, which is also

located in the Middle District of Florida.  ECF No. 1 at 1; *see* 28 U.S.C. § 89(b).

For federal habeas corpus actions, jurisdiction is appropriate in the district of confinement and the district of conviction.  28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district of conviction or in district of incarceration).  Petitioner Bradley is not confined in this district and does not challenge the judgment of a state court located in this district; thus, jurisdiction is not appropriate in the Northern District of Florida. Therefore, this petition should be transferred to the United States District Court for the Middle District of Florida, the district of Petitioner Bradley's confinement and conviction.  *See* 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."); *see also, e.g.*, Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) ("Under 28 U.S.C.A. § 2241(d), state convicts may file federal habeas corpus petitions in the district either where they are confined or where they were convicted.  The purpose of this, of course, is to provide a more convenient forum for witnesses.").

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 20, 2026.

**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. _See_ 11th Cir. R. 3-1; 28 U.S.C. § 636.**